IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES LEZINE, # N-71574, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-505-MJR |
| ) | |
| ILLINOIS DEPT. of CORRECTIONS, ) | |
| JOHN BALDWIN, ) | |
| and KAREN JAIMET, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He raises claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and the Rehabilitation Act ("RA"), 29 U.S.C. § 794, as well as a constitutional claim for deliberate indifference to a serious medical condition. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

**The Complaint**

Plaintiff suffered a stroke in May 2017, and is now unable to use his right arm or right leg. (Doc. 1, pp. 4-5). He was transferred to Pinckneyville for medical assistance. Unnamed medical personnel employed by the Illinois Department of Corrections ("IDOC") recognized that Plaintiff required special medical and personal assistance to meet his hygiene, medical, and safety needs, which include an adequate wheelchair; an accessible sink, bed, and call button;

assistance with bathing, changing diapers, getting in and out of bed; and physical therapy. (Doc. 1, p. 5). However, Pinckneyville officials have failed to provide Plaintiff with a wheelchair that meets his needs, and his cell does not have an accessible sink, medical call button, or a proper bed for his condition. Plaintiff fell on February 22, 2018, when he was bathing without assistance.

Plaintiff is unable to write, and has been denied assistance to file a grievance. He has made "numerous oral attempts" to alert Defendants to his medical issues and the inadequacies in his care. He includes an affidavit from the fellow inmate (Williams) who prepared his Complaint. (Doc. 1, pp. 7-8). Williams avers that Plaintiff has severe memory loss, which prevents him from recalling conversations or events within a minute of their occurrence, but that he understands what is going on or being said in the moment. (Doc. 1, p. 7). Williams describes an incident he witnessed, when Plaintiff did not realize he needed to clean feces off his front and back area after taking off his diaper, and a nurse refused to wash or assist him. *Id.* He must be reminded to clean himself each time he changes his diaper. Williams, who is also wheelchair-bound, explains that Plaintiff's wheelchair does not fit his body and is not designed for constant use. Plaintiff has fallen numerous times. (Doc. 1, p. 8). His February 22, 2018, fall occurred in a bathing area that was not accessible to wheelchairs, while Plaintiff was not being monitored. *Id.* Williams, who appears to have been Plaintiff's cellmate, writes that he was being moved away from Plaintiff on February 26, 2018. *Id.*

Plaintiff names as Defendants the IDOC, and Director Baldwin and Warden Jaimet in their official capacities (he has not sued Baldwin or Jaimet in their individual capacities). He seeks damages and injunctive relief. (Doc. 1, p. 6).

In addition to the Complaint, Plaintiff has filed a motion for injunction. (Doc. 2). The

motion repeats much of the information in the Complaint, highlighting Plaintiff's inability to care for himself due to his extreme memory loss and physical impairments. He needs daily assistance to maintain his personal hygiene as well as physical safety. He needs a proper wheelchair and placement in a cell with an accessible sink, bed, and bathing facilities, as well as physical therapy and other accommodations for his medical needs. (Doc. 2).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Claim for injunctive relief under the Americans with Disabilities Act and Rehabilitation Act to meet Plaintiff's disability-related needs, and damages claim under the Rehabilitation Act;
>
> **Count 2:** Eighth Amendment claim for deliberate indifference to Plaintiff's medical and disability-related needs.

Count 1 shall proceed for further review. Count 2 shall be dismissed at this time without prejudice, for failure to state a claim upon which relief may be granted.

## Count 1 – ADA and RA

Title II of the ADA prohibits public entities from denying qualified individuals with disabilities the opportunity to participate in the services, programs, or activities of the public entity because of their disabilities, and prohibits discrimination against disabled individuals by a public entity. 42 U.S.C. § 12132. The Supreme Court has held that Title II of the ADA applies to prisons. *See Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206 (1998). An inmate

4

may sue state officials in their official capacity for prospective injunctive relief under Title II. *Brueggeman ex rel. Brueggeman v. Blagojevich*, 324 F.3d 906, 912 (7th Cir. 2003).

To successfully assert a claim under Title II, a plaintiff must establish three elements:

> "(1) that he . . . has a qualifying disability; (2) that he . . . is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his . . . disability."

*Culvahouse v. City of LaPorte*, 679 F. Supp. 2d 931, 937 (N.D. Ind. 2009) (citing *Frame v. City of Arlington*, 575 F.3d 432, 435 (5th Cir. 2009)) (quotation marks omitted); *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996). As to the second element, a plaintiff "may establish discrimination by presenting evidence that the defendant intentionally acted on the basis of the disability, the defendant refused to provide a reasonable modification, or the defendant's denial of benefits disproportionately impacts disabled people." *Culvahouse*, 679 F. Supp. at 937 (relying upon *Washington v. Ind. High Sch. Athletic Ass'n, Inc.*, 181 F.3d 840, 847 (7th Cir. 1999)).

The Rehabilitation Act also applies to prisons, because they receive federal funds. *See Cutter v. Wilkinson*, 544 U.S. 709, 716 n. 4, (2005); *Gratzl v. Office of Chief Judges*, 601 F.3d 674, 678 (7th Cir.2010). To state a claim under the RA, a plaintiff must allege that he is a qualified person with a disability, and that the IDOC denied him access to a program or activity because of his disability. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 672 (7th Cir. 2012).

Both the ADA and the RA provide for injunctive relief against an agency found to be in violation of the statute. A successful RA claim may result in compensatory or nominal damages, but punitive damages are not available under the RA. *See Barnes v. Gorman,* 536 U.S. 181, 189, (2002) (punitive damages may not be awarded in private suits brought under § 504 of the

5

Rehabilitation Act); *Stanley v. Litscher*, 213 F.3d 340, 344 (7th Cir. 2000) (Illinois has waived its immunity from damage suits under the RA as a condition of receiving federal funds). Under the ADA, damages may be available for claims that independently violate the Constitution. *United States v. Georgia*, 546 U.S. 151, 159 (2006) (Title II abrogates state sovereign immunity for "conduct that *actually* violates the Fourteenth Amendment") (emphasis in original); *Toeller v. Wis. Dep't of Corr.*, 461 F.3d 871, 874 (7th Cir. 2006).

Plaintiff's Complaint has sufficiently alleged that he is a qualified person with a disability due to his physical impairment affecting his right arm and leg, and his memory/cognitive impairments, under both the ADA and RA. Further, he has alleged that Defendants have failed to provide him with necessary accommodations for him to maintain his personal hygiene or to use the bathing facilities, sink, bed, and other features of his cell. Accordingly, his claims in **Count 1** for injunctive relief under the ADA and RA may proceed, as may his claims for damages under the RA. Count 1 shall proceed against the IDOC, Director Baldwin in his official capacity, and Warden Jaimet in her official capacity.

### Dismissal of Count 2 – Deliberate Indifference to Serious Medical Needs

Based on the facts related in the Complaint, some individual medical providers may have been deliberately indifferent to Plaintiff's medical needs for physical therapy, personal hygiene assistance, a proper wheelchair, or other matters. However, he fails to identify any individuals who were made aware of his medical and disability-related needs, yet failed to take action to mitigate the risk to Plaintiff's health, and he did not name any such individuals as Defendants.

In order to state an Eighth Amendment claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from

that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff's physical and cognitive impairments demonstrate that he has objectively serious medical conditions.

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). This second component is not addressed in Plaintiff's Complaint.

It is not sufficient to sue a state official in her official capacity for unconstitutional deliberate indifference; a Defendant must be named in his or her individual/personal capacity. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). In order to state a claim against a Defendant, a plaintiff must describe what each named Defendant did (or failed to do), that violated the plaintiff's constitutional rights. Neither the State of Illinois nor a state official acting in his/her official capacity is a "person" that may be sued in a § 1983 civil rights action. *Will v. Mich.*

*Dep't of State Police*, 491 U.S. 58, 71 (1989). The same is true of a state agency such as the IDOC.

Because Plaintiff has not named any Defendant in his/her personal capacity, nor described any person's conduct that could give rise to liability for deliberate indifference to his medical needs, **Count 2** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Pending Motions

Plaintiff's motions for injunctive relief (Doc. 2), and for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

## Disposition

**COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

The Clerk of Court shall prepare for Defendants **ILLINOIS DEPARTMENT of CORRECTIONS, BALDWIN,** and **JAIMET**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include determinations on the pending motions for injunctive relief (Doc. 2) and for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 8, 2018**

                                                s/ MICHAEL J. REAGAN
                                                Chief Judge
                                                United States District Court