IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES LEZINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 3:18-CV-505-MAB |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, JOHN BALDWIN, | ) |
| KAREN JAIMET, | ) |
| WEXFORD HEALTH SOURCES, INC.,[1] | ) |
| RHONDA REUTER, and | ) |
| KIMBERLY REEDER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the Rule 12(b)(6) motions to dismiss filed by Defendants Wexford Health Sources, Inc., Rhonda Reuter, and Kimberly Reeder (Doc. 65; Doc. 80). For the reasons set forth below, the motions are denied.

Plaintiff James Lezine filed this lawsuit in February 2018, alleging claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and the Rehabilitation Act ("Rehab Act"), 29 U.S.C. § 794, as well as a constitutional claim for deliberate indifference to a serious medical condition (Docs. 1, 7). In the complaint, Plaintiff alleged that he suffered a stroke in May 2017, which rendered him unable to use his right arm or

---

[1] This Defendant was incorrectly identified in the First Amended Complaint as "Wexford Health *Services*, Inc." (Doc. 53) (emphasis added).

right leg and caused severe memory loss (Doc. 7). He alleges that prison officials at Pinckneyville Correctional Center failed to accommodate his impairments or provide him adequate medical care (Doc. 7). Following a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on the claim under the ADA/Rehab Act, but not the deliberate indifference claim (Doc. 7). Given the allegations regarding Plaintiff's condition, counsel was recruited for Plaintiff the same day the threshold order was entered (Doc. 8). In June 2018, Magistrate Judge Stephen Williams found Plaintiff to be incompetent and appointed a guardian ad litem for him (Docs. 35, 38).

In May 2019 Plaintiff's counsel, Brent Salsbury, was granted leave to file an amended complaint (Docs. 51, 52, 53). He dropped Plaintiff's claim for injunctive relief but reasserted his claim for damages under the Rehab Act against the IDOC, John Baldwin, and Karen Jaimet (Doc. 53). He also reasserted Plaintiff's Eighth Amendment deliberate indifference claim against the existing Defendants: the IDOC, John Baldwin, Karen Jaimet, as well as three new Defendants: Wexford Health Sources, Kimberly Reeder, and Rhonda Reuter (Doc. 53). The new Defendants each filed a motion to dismiss under Rule 12(b)(6), arguing that Plaintiff failed to state a claim against them (Docs. 65, 80). Plaintiff filed a response in opposition to each motion to dismiss (Docs. 67, 86), to which Defendants filed replies (Docs. 70, 88).

A motion to dismiss under Rule 12(b)(6) addresses the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v.*

*City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pleaded facts, and draw all possible inferences in the plaintiff's favor. *E.g.*, *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation omitted). To survive a motion to dismiss, the plaintiff must do more than simply recite the elements of a claim in a conclusory fashion. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he 'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Reynolds*, 623 F.3d at 1146 (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Roberts v. City of Chicago*, 817 F.3d 561, 564–65 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). The complaint need not, however, contain "detailed factual allegations." *Reynolds*, 623 F.3d at 1146 (quoting *Iqbal*, 556 U.S. at 678).

Wexford argues that Plaintiff failed to sufficiently allege a practice, policy, or custom that inflicts the constitutional injury and causes its employees to be deliberately indifferent (Docs. 65, 70). In order to sustain a *Monell* claim against Wexford, Plaintiff must allege "that his injury was caused by a Wexford policy, custom, or practice of deliberate indifference to medical needs, or a series of bad acts that together raise the inference of such a policy." *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 796 (7th Cir. 2014). Here, Plaintiff alleged that Wexford "fails to provide inmates with appropriate medical care" (Doc. 53). He further alleged that he was transferred to Pinckneyville because he

required special medical and personal assistance and accommodations to meet his hygiene, medical, and safety needs, including an adequate wheelchair; an accessible sink and bed; a call button; assistance with bathing, changing diapers, and getting in and out of bed; and physical therapy (Doc. 67; *see also* Doc. 53). Despite his special needs, there were instances where a nurse failed or refused to help his clean himself after using the bathroom (Doc. 53, Doc. 1). There were also instances where a nurse failed or refused to provide him assistance bathing and transferring in and out of bed, and he fell and injured himself (Doc. 53, Doc. 1). He also does not have a properly fitted wheelchair (Doc. 53, Doc. 1). And recommendations to have him housed in a medical unit or in an ADA-compliant cell with an assistant have been ignored (Doc. 53, Doc. 1). Finally, Plaintiff alleged that he made "numerous oral attempts to alert Defendants to his medical issues and the inadequacies of his care," but he was "given the 'runaround.'" (Doc. 53).

Although Plaintiff's allegations are not very specific, he has met the minimum standard that is required in order to state a claim against Wexford. The crux of the complaint is that Plaintiff was repeatedly denied constitutionally adequate medical care, accommodations, and equipment. Although not specifically stated within the complaint, it can reasonably be inferred that he takes issue with a systemic failure. In other words, when construing the facts in the light most favorable to Plaintiff, a reasonable inference can be drawn that this was due to a widespread custom or practice implemented by Wexford. Although it's a close call, the Court finds that Plaintiff has stated a claim. Accordingly, Wexford's motion to dismiss will be denied.

As for Defendants Kimberly Reeder & Rhonda Reuter, who were nurses at

Pinckneyville Correctional Center (*see* Docs. 66, 81), they both argue that Plaintiff failed to allege any facts that connect them to any unconstitutional act (Docs. 66, 81). In response, Plaintiff pointed out his allegations that medical personnel were aware that he needed assistance with toileting, bathing, and transferring in and out of bed (Doc. 67; Doc. 86; *see also* Doc. 53). Nevertheless, there were instances where a nurse failed or refused to help him clean himself after using the bathroom (Doc. 53, Doc. 1). And there were also instances where a nurse failed or refused to provide him assistance bathing and transferring in and out of bed, and he fell and injured himself (Doc. 53, Doc. 1). Finally, Plaintiff alleged that he made "numerous oral attempts to alert Defendants to his medical issues and the inadequacies of his care," but he was "given the 'runaround.'" (Doc. 53). Here again, the allegations in Plaintiff's complaint are certainly vague and lack specifics, but the Court believes they give rise to the inference that Defendants Reeder and Reuter were deliberately indifferent when they failed to provide Plaintiff with the medical and personal care themselves and/or failed to ensure that others did. Here, again, it's a close call, but when construing the facts in the light most favorable to the Plaintiff, and considering the reasonable inferences that can be drawn, Plaintiff has met the minimum standard required to state a claim. Accordingly, Defendants' Reeder and Reuter's motions to dismiss will be denied.

C<small>ONCLUSION</small>

The motion to dismiss filed by Defendants Wexford Health Sources, Inc. and Kimberly Reeder (Doc. 65) and the motion to dismiss filed by Defendant Rhonda Reuter are **DENIED.**

IT IS SO ORDERED.

DATED: September 9, 2020

s/ Mark A. Beatty
MARK A. BEATTY
United States Magistrate Judge